Dunn v. Dietz.

FRANK L. DUNN v. CHARLES N. DIETZ.

FILED JANUARY 2, 1894.   No 5027.

Review: THE ONLY ASSIGNMENT OF ERROR in this case being that the trial judge was wrong in a certain conclusion of fact, the evidence examined, and *held* to support the court's finding, and its decree affirmed.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Adams & Scott,* for plaintiff in error.

*Talbot & Bryan* and *T. S. Allen, contra.*

RAGAN, C.

Charles N. Dietz brought suit in the district court of Lancaster county against Wilmer Mayes, Frank L. Dunn and others, to foreclose a lien for material furnished to build a house on lot 9, block 3, Sherwin's addition to the city of Lincoln. The lien of Dietz was filed on the 15th day of August, 1888. Dunn held a mortgage against the same property executed to him by the owner, Mayes, and filed in the office of the register of deeds on the 31st day of May, 1889. Dunn defended against the lien of Dietz on the ground that the material mentioned in the lien in suit did not go into the house built on lot 9, but went into a house built by Mayes on lot 1, block 2, Sherwin's addition, and that his, Dunn's, mortgage was a first lien on lot 9, block 3. Mayes made no defense. The court found that the material mentioned in the lien entered into the construction of the house on lot 9, block 3, and that Dietz had a first lien on the property. From this finding and decree Dunn prosecutes error. His counsel say: "We insist that in this case there was no evidence showing that the lumber mentioned in the mechanic's lien, or any part of it, ever went into the building on lot 9, block 3, but that the testimony all shows that the material went into lot 1, block 2."

We have carefully read all the evidence and cannot agree that there is no evidence to support the court's finding. We think it is supported by competent evidence, and therefore we cannot disturb it. There is no question of law involved in the case, and the decree of the district court is

AFFIRMED.